UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 14-05263 MWF (RZx)                    **Date:  July 11, 2017**
Title:       Edward Todd -*v*- STAAR Surgical Co., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   AMENDED ORDER APPROVING
PRELIMINARILY THE SETTLEMENT OF A
CLASS ACTION [170]

Before the Court is Lead Plaintiff Edward Todd's Unopposed Ex Parte
Application for Preliminary Approval of a Class Action Settlement (the
"Application"), filed June 20, 2017.  (Docket No. 170).  Defendants STAAR Surgical
Company ("STAAR"), Barry Caldwell, and John Santos do not oppose the
Application.  The Court previously noted that the matter was ill-suited for decision on
an ex parte basis, construed the Application as a motion for preliminary approval of the
class settlement, and set a hearing date.  (Docket No. 172).  The Court has since read
and considered the papers filed on the Application and deems the matter appropriate
for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth below, the Application is **GRANTED**.  The proposed
settlement is substantively and procedurally fair, and the proposed notice and
dissemination procedure appear effective and meet the requirements of Federal Rule of
Civil Procedure 23(c).

## I.     BACKGROUND

### A.     Factual Background

The facts outlined below were previously set forth in the Court's Order Granting
Motion for Class Certification ("Class Certification Order"), filed January 5, 2017.
(Docket No. 168 at 1–5).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                Date:  July 11, 2017**
Title:       Edward Todd -*v*- STAAR Surgical Co., et al.

Lead Plaintiff Todd filed this security class action on behalf of investors who acquired STAAR securities between November 1, 2013 and June 30, 2014 ("Class Period").  (See Second Amended Complaint ("SAC") ¶ 1 (Docket No. 88)).  The SAC asserts violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 arising from Defendants' alleged statements that STAAR was in compliance with FDA regulations when, in fact, the FDA had observed serious compliance violations.  (SAC ¶ 2).  According to Lead Plaintiff, the misleading statements artificially inflated the value of STAAR securities, which declined sharply once the results of the FDA investigation became public.  (*Id.*).

STAAR designs, manufactures, and sells implantable lenses used in corrective and cataract eye surgery.  (*Id.* ¶ 2).  The company is relatively small, with 335 employees and, until recently, four manufacturing facilities worldwide.  (Id. ¶¶ 3, 20).  STAAR's major product is the Implantable Collamer Lens ("ICL") that consists of three models:  one to treat myopia, one to treat myopia with astigmatism, and one to treat hyperopia.  (Id. ¶ 21).  All three models have been marketed overseas for years, but only the myopic version ("MICL") received FDA approval in the United States.  (*Id.*).  The Toric ICL ("TCIL"), used to cure myopia with astigmatism, is currently under review with the FDA.  (*Id.*).

The FDA classifies the ICL as a "Class III" medical device, or a product deemed to pose the greatest risk to health and to require most extensive regulation.  (*Id.* ¶ 35).  One aspect of such regulation is an inspection of the manufacturing facilities to ensure that the production of a Class III device is done in accordance with the approved specifications.  (*Id.* ¶¶ 39, 42); *see* 21 C.F.R. § 820.20, *et seq*.  The FDA does not prescribe in exacting detail the production process of every possible device but only establishes a framework within which the manufacturers must operate.  (SAC ¶ 45); 21 C.F.R. § 820.20.  As is pertinent here, the regulations require manufactures to create "design controls," which safeguard the quality of the device from its inception to obsolescence.  (*Id.* ¶ 47); 21 C.F.R. § 820.20-30.  Manufacturers are mandated, moreover, to "establish and maintain a [Design History File] for each type of device.  The DHF [must] contain or reference the records necessary to demonstrate that the design was developed in accordance with the approved design plan and the requirements of this part."  (SAC ¶ 51); 21 C.F.R. § 820.30(j).  If a company fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)**                    **Date:  July 11, 2017**
Title:      Edward Todd -*v*- STAAR Surgical Co., et al.

comply with such regulations, the FDA may refuse any pending requests for product approval.  (SAC ¶ 41).

For much of its history, STAAR manufactured many of its lenses in its Nidau, Switzerland facility.  (*Id.* ¶ 3).  In 2013, STAAR decided to consolidate its manufacturing operations into one facility in California.  (*Id.* ¶ 93).  The consolidation process was rife with deficiencies in STAAR's quality assurance practices.  (*Id.* ¶¶ 93, 94).  The California facility, for example, turned into a "workplace of chaotic decision-making in which no one seemed to know what was going on, and manufacturing during this period became very disorganized."  (*Id*. ¶ 94).  Two confidential witnesses reported substantial defects in lenses that were supposed to be ready for shipment, including the presence of glass in the bottles of some products.  (*Id*. ¶¶ 94–95).

STAAR's Swiss facility experienced similar difficulties prior to the completion of consolidation.  (*Id.* ¶ 96).  In August 2013, FDA inspectors observed deviations from FDA regulations in the manufacturing process.  (*Id.*).  The inspectors memorialized their observations in a Form 483 that was provided to and discussed with management on August 3, 2013.  (*Id.*).  The management nonetheless failed to correct the identified deficiencies, which persisted even after the transfer of manufacturing operations to California in October 2013.  (*Id.*).

In February 2014, the FDA began inspecting STAAR's California facility.  (*Id.* ¶ 97).  Despite the inspector's numerous requests, the Company could not produce the Design History File for the ICL, which is necessary to ensure proper and safe manufacturing of STAAR's medical devices.  (*Id.* ¶ 98).  Instead, the management provided certain summary information that the FDA immediately deemed inadequate.  (*Id.*).  Without proper documentation, "STAAR was manufacturing the MICL and other products, which were being surgically implanted into patients' eyes, without ensuring that the sign used to manufacture the lenses was correct, that the actual manufacturing of the lenses was using the correct materials, or according to any approved designs."  (*Id.* ¶ 102).

After the investigation came to an end on March 23, 2014, the FDA inspector held a close-out meeting where he presented a Form 483 identifying STAAR's myriad violations to a senior regulatory compliance person.  (*Id*. ¶ 101).  As the inspector

_____

CIVIL MINUTES—GENERAL                                                         **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)**              **Date:  July 11, 2017**
Title:        Edward Todd -*v*- STAAR Surgical Co., et al.

explained, STAAR failed to establish, maintain, and implement design controls under 21 C.F.R. § 820.30(a)–(j).  (*Id.* ¶ 102).  To the extent such design controls existed at all, the necessary documentation — the Design History File — was never transferred to the California facility from Switzerland.  (*Id.*).  In all, the FDA identified fifteen separate violations of FDA regulations, which culminated in a Warning Letter issued on May 21, 2014.  (*Id.* ¶¶ 103–107).

Lead Plaintiff alleges that STAAR made the following statements concerning its products and facilities:

- **November 1, 2013:** In a Form 10-Q, STAAR noted that a "key operational metric" was managing "the manufacturing consolidation with no material disruption to customer supply requirements or quality" and that "our consolidation efforts continue to proceed according to our plan." (*Id.* ¶ 109).

- **March 12, 2014:** In a Form 10-K, STAAR stated that it "believes that it is substantially in compliance with the FDA's Quality System Regulations and Medical Device Reporting regulations."  STAAR also reiterated that "our consolidation efforts continue to proceed substantially according to our plan."  (*Id.* ¶¶ 113, 115).

- **March 14, 2014:** STAAR CEO Defendant Caldwell told an independent advisory panel to the FDA that the company had improved its regulatory compliance, and that only one of four inspections of the company's various facilities in previous years resulted in negative observations by the FDA.  And even those observations, Caldwell stated, did not "warrant regulatory follow-up at this time."  (*Id.* ¶ 118).

- **March 17, 2014:** STAAR announced that the advisory panel recommended approval of the TICL.  (*Id.* ¶ 120).

- **May 5, 2014:** STAAR filed a Proxy Statement, stating, "STAAR's standing with the FDA and other regulators, and its reputation with customers depends on maintaining a corporate culture that emphasizes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 14-05263 MWF (RZx)**                  **Date:  July 11, 2017**
**Title:**      Edward Todd -*v*- STAAR Surgical Co., et al.

compliance at all levels, and STAAR aims for continuous improvement in the quality of its processes and products." (*Id.* ¶ 124).

Investors did not learn of the results of the FDA investigation until the agency published the Warning Letter on June 30, 2014. (*Id.* ¶ 129). The FDA identified the deficiencies discovered at the California facility and advised that any pending applications for Class III devices, such as the TILC, "will not be approved until the violations have been corrected." (*Id.* ¶¶ 130-31). STAAR's shares dropped almost 17.5% in value within two days of the FDA's announcement on heavy trading volume. (*Id.* ¶ 132).

Lead Plaintiff filed this class action approximately a week later. (Docket No. 1). On January 5, 2017, the Court certified a class of all investors who acquired STAAR securities between November 1, 2013 and June 30, 2014; appointed Edward Todd Lead Plaintiff and class representative; and appointed Pomerantz LLP as class counsel. (Class Cert. Order at 21). On June 20, 2017, the parties filed the Application requesting approval of a class wide settlement.

## B.   Summary of the Settlement Terms

The Settlement Agreement is attached to the Declaration of Michael J. Wernke ("Wernke Decl.") as Exhibit 1. (Docket No. 170-2). In short, the Settlement Agreement establishes a fund of $7 million for payment of attorneys' fees, class notice, and a compensatory fee to Lead Plaintiff, with the remainder reserved for the payment of class members' claims. (*Id.* at 10, 13). Class members may claim a portion of the fund by submitting a timely proof of claim. (*Id.* at 19). The Settlement Agreement does not specify an amount of attorneys' fees or compensation for Lead Plaintiff.

Additionally, the parties seek the appointment of Garden City Group, LLC as claims administrator. (App. at 16). The parties agree that Garden City Group, LLC is an experienced and capable administrator. (*Id.* at 16 n.3).

## II.   PRELIMINARY APPROVAL OF SETTLEMENT

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-05263 MWF (RZx)                     Date:  July 11, 2017
Title:      Edward Todd -*v*- STAAR Surgical Co., et al.

     "Approval of a class action settlement requires a two-step process — a preliminary approval followed by a later final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).  The standard of review differs at each stage. At the preliminary approval stage, the Court need only "evaluate the terms of the settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009).  "[T]here is a strong judicial policy" in the Ninth Circuit "that favors settlements, particularly where complex class action litigation is concerned."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (same).

     "[P]reliminary approval of a settlement has both a procedural and a substantive component."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  Procedurally, the Ninth Circuit emphasizes that the parties should have engaged in an adversarial process to arrive at the settlement.  *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." (citations omitted)).  "A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery."  *Spann*, 314 F.R.D. at 324 (quoting *In re Heritage Bond Litig.*, 2005 WL 1594403, *9 (C.D. Cal. June 10, 2005)).

     Substantively, the Court should look to "whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys."  *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008) (quoting *West v. Circle K Stores, Inc.*, No. 040438, 2006 WL 1652598, at *11 (E.D. Cal. June 13, 2006)).

## A.    Procedural Component

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                     Date:  July 11, 2017**
**Title:        Edward Todd -*v*- STAAR Surgical Co., et al.**

The Court has already approved Pomerantz LLP ("Pomerantz") as class counsel. (Class Cert. Order at 21).  As set forth in Exhibit B to the declaration of Michael J. Wernke, submitted in support of the previous Motion for Class Certification, Pomerantz is a well-respected law firm with extensive experience litigating securities class actions.  (Docket No. 159-1).  This factor thus weighs in favor of preliminary settlement approval.

The parties engaged in meaningful discovery and vigorous, hotly-contested motion practice before this Court prior to reaching an accord.  The parties thoroughly litigated the propriety of sealing certain material in the Complaint (*e.g.* Docket Nos. 55, 73–74); a motion to dismiss (Docket Nos. 96, 110, 118, 134); a motion to disqualify class counsel (Docket Nos. 100, 112, 121, 135); and the aforementioned motion for class certification (Docket Nos. 157, 162, 164, 168).  The settlement appears to be "the product of an arms-length, non-collusive, negotiated resolution[.]" *Rodriguez*, 563 F.3d at 965.

Additionally, the settlement negotiations were supervised by an experienced mediator, Michelle Yoshida.  (App. at 2–3).  The Application explains that the parties remained at an impasse after a January 24, 2017 mediation.  (*Id.* at 6).  On May 9, 2017, Yoshida proposed a Mediators' Recommendation, which the parties ultimately accepted on May 10, 2017.  (*Id.*).  The fact that the parties utilized an experienced mediator to reach the settlement agreement, and that the mediator played such an intrinsic role in the settlement itself, indicates that the settlement was properly the product of arms-length negotiation.  *See Alberto*, 252 F.R.D. at 666–67 (noting the parties' enlistment of "a prominent mediator with a specialty in [the subject of the litigation] to assist the negotiation of their settlement agreement" as an indicator of non-collusiveness) (citing *Parker v. Foster*, No. 05–0748, 2006 WL 2085152, at *1 (E.D. Cal. July 26, 2006); *Glass v. UBS Fin. Servs., Inc.*, No. 06–4068, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007)).  This factor also weighs in favor of preliminarily approving the settlement.

In sum, the Court concludes that the proposed class is represented by experienced counsel, who engaged in meaningful discovery and motion practice while

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-05263 MWF (RZx)               Date:  July 11, 2017
Title:       Edward Todd -v- STAAR Surgical Co., et al.

pursuing arms-length settlement negotiations with Defendants.  The procedural component of the inquiry is met.

## B.   Substantive Component

The proposed settlement also appears to be generally reasonable and fair to class members.  The proposed settlement provides for the cash recovery of $7 million plus accrued interest to be allocated among class members following deduction of (i) taxes on the income thereof and any tax expenses, (ii) the required class notice and any administration expenses, as authorized by the settlement agreement, (iii) any attorneys' fees and expenses that the Court approves, (iv) any compensatory award to Lead Plaintiff that is authorized by the Court, and (v) any other fees and expenses authorized by the Court.

Lead Plaintiff estimates that, were the class to prevail at trial, it would be entitled to aggregate damages between $18 million and $32 million, depending on which alleged corrective disclosures and corresponding stock price declines are included in the analysis and which damages model is applied.  Therefore, the gross recovery represents between 22% and 39% of the total estimated class damages. Moreover, the proposed settlement amount is between three and five times greater than the median recovery in similar actions.  *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving 6% recovery of maximum damages) (citing *In re Heritage Bond Litig.*, No. ML 02-1475-DT (RCx), 2005 WL 1594403, at *8–*9 (C.D. Cal. June 10, 2005) (median amount recovered in settlement was 2.7% in 2002, 2.8% in 2003, 2.3% in 2004, 3% in 2005, and 2.2% in 2006)).  *See also Ofcrs. for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair"); *Knight v. Red Door Salons, Inc.*, No. 08-01520, 2009 WL 248367, at *3 (N.D. Cal. Feb. 2, 2009) ("The immediacy and certainty of the settlement award justifies a recovery smaller than the Class Members could seek in the case.").

The proposed relief has value, and when compared with the likely difficulties of litigating this action through trial, and the risks inherent in any period of extended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)               Date:  July 11, 2017**
**Title:       Edward Todd -*v*- STAAR Surgical Co., et al.**

litigation, it is an appropriate level of compensation for class members.  *See, e.g.*, *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (emphasizing the requirement that courts "consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation" and noting that "[i]t has been held proper to take the bird in hand instead of a prospective flock in the bush") (quoting *Oppenlander v. Standard Oil Co. (Indiana)*, 64 F.R.D. 597, 624 (D. Colo. 1974)).

Although Lead Plaintiff has not yet requested a particular sum in attorneys' fees, the Court notes that the Ninth Circuit has set a benchmark of 25% as presumptively fair.  *In re Online DVD-Rental Antitrust Litig*., 779 F.3d 934, 949 (9th Cir. 2015).  The Court advises class counsel to keep this benchmark in mind when crafting a fee request.  Similarly, the Ninth Circuit instructs courts to compare the value of the individual award with the average award available to the typical class member, weighing also the quality of plaintiff's representative service.  *See Alberto*, 252 F.R.D. at 669–70.  The parties should keep these guidelines in mind when crafting Lead Plaintiff's requested service award.  Given that the proposed notice to the class pegs potential attorneys' fees at no more than 25% of the fund, and indicates that Lead Plaintiff will not request more than $10,000 (App. at 17), the Court preliminarily finds the requested fees and award reasonable.

Finding the Settlement Agreement both substantively and procedurally fair, the Court determines that the proposed Settlement Agreement must be preliminarily **APPROVED.**

## III.   **NOTICE AND SETTLEMENT ADMINISTRATION**

After the Court certifies a class under Rule 23(b)(3), it must direct to class members the best notice practicable under the circumstances.  Fed. R. Civ. P. 23(c)(2)(B).

The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)**                    **Date:  July 11, 2017**
Title:       Edward Todd -*v*- STAAR Surgical Co., et al.

certified; (iii) the class claims, issues, or defenses; (iv) that a class
member may enter an appearance though an attorney if the member so
desires; (v) that the court will exclude from the class any member who
requests exclusion; (vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule
23(c)(3).

*Id.*  Class notice must be "reasonably calculated, under all the circumstances, to apprise
interested parties of the pendency of the action and afford them an opportunity to
present their objections."  *Mullane v. Central Hanover Trust*, 339 U.S. 306, 314
(1950).

Here, class counsel proposes to rely on STAAR's stock transfer records to
identify class members.  (App. at 16).  A proposed short form notice will be sent to
class members by mail, and the short form notice will include instructions for
accessing the long form notice online, and how to request a copy by telephone or mail.
(*Id.*).  Additionally, the parties propose to publish a summary notice of the class
settlement in *Investor's Business Daily*, and to transmit the summary once over the
*GlobeNewswire*.  (*Id.* at 16–17).

The proposed summary, short form, and long form notices are written in
relatively plain language.  (*See generally*, Settlement Agreement, Exs. A1–A3).  The
proposed notice describes the nature of the action and the claims at issue; provides a
definition of the certified class as well as a hotline and website for determining if the
individual is a class member; explains that the potential class member may retain his or
her own attorney; that the individual may be excluded from the class upon request;
how and when to request exclusion; and that failing to opt out will bind the class
member to the judgment, precluding class members from further litigation.  The
proposed class notice is detailed and thorough, and it meets the requirements of Rule
23(c)(2)(B).  The proposed notice and plan of dissemination are **APPROVED**.

## IV.   CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                    Date:  July 11, 2017**
Title:        Edward Todd *-v-* STAAR Surgical Co., et al.

========================================================================

     For the foregoing reasons, the preliminary settlement is **APPROVED** and the notice and plan of dissemination are **APPROVED.**  The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on **October 16, 2017** in Courtroom 5A, United States District Court, 350 West First Street, Los Angeles, California 90012, at **11:30 a.m.**

     The Proposed Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Docket No. 170-3) is adopted and incorporated into this Order, as Exhibit A.

     IT IS SO ORDERED.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 14-05263 MWF (RZx)**          **Date:  July 11, 2017**
Title:       Edward Todd *-v-* STAAR Surgical Co., et al.

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)**              **Date:  July 11, 2017**

Title:      Edward Todd -*v*- STAAR Surgical Co., et al.

# ORDER PRELIMINARILY APPROVING
# CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO CLASS

WHEREAS, (i) Lead Plaintiff Edward Todd ("Lead Plaintiff"), and (ii) defendants STAAR Surgical Company ("STAAR"), Barry G. Caldwell ("Caldwell"), and John Santos ("Santos") (collectively the "Defendants")[1] have agreed to settlement of all claims asserted in this Action for $7,000,000 (Seven Million Dollars) (the "Settlement Amount");

WHEREAS, that Settlement was entered into through a Stipulation and Agreement of Settlement, dated June 20, 2017 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Complaint filed in the Action on the merits and with prejudice; and

WHEREAS, this Court having read and considered the Stipulation, the proposed "Short Form Notice of Pendency and Proposed Settlement of Class Action" ("Short Form Notice"), the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Long Form Notice"), the proposed "Summary Notice of Pendency and Proposed Settlement of Class Action" ("Summary Notice"), the proposed Plan of Allocation for the distribution of the Net Settlement Fund among Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of the Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

---

[1] Lead Plaintiff and Defendants are collectively referred to as the "Parties."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 14-05263 MWF (RZx)**                    **Date:** **July 11, 2017**
Title:        Edward Todd -*v*- STAAR Surgical Co., et al.

      2.      The Court hereby preliminarily approves the settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

      3.      A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on **October 9, 2017 at 11:30 a.m.** for the following purposes:

      a.    to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

      b.    to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Persons as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlement;

      c.    to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

      d.    to consider the application of Lead Plaintiff's Counsel on behalf of themselves and Plaintiff's Counsel for an award of Attorneys' Fees and Expenses, and for a Compensatory Award to Lead Plaintiff;

      e.    to consider Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf); and

      f.    to rule upon such other matters as the Court may deem appropriate.

      4.      The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so

---

**CIVIL MINUTES—GENERAL**                                            **14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                Date:  July 11, 2017**
Title:        Edward Todd -*v*- STAAR Surgical Co., et al.

would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses or made a Compensatory Award to Lead Plaintiff.

5.      The Court approves the form, substance and requirements of (a) the Short Form Notice, (b) the Long Form Notice, (c) the Summary Notice, and (d) the Proof of Claim, all of which are exhibits to the Stipulation.

6.      Lead Plaintiff's Counsel has the authority to enter into the Stipulation on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

7.      Garden City Group, LLC is appointed and approved as the Claims Administrator for the Settlement.

8.      Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Short Form Notice, substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, within fourteen (14) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Claims Administrator.  No later than five (5) business days after receipt of a request for a copy of the Long Form Notice, the Claims Administrator or Lead Plaintiff's Counsel shall cause a copy of the Long Form Notice, substantially in the form annexed hereto as Exhibit A-2, to be mailed by first-class mail, postage prepaid, or emailed to any putative Class Members that makes such a request. Contemporaneously with the mailing of the Short Form Notice, the Claims Administrator and Lead Plaintiff's Counsel shall cause copies of the Long Form Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibit A-2 and A-4, respectively, to be posted in downloadable form on a website specific to the Settlement, www.staarsurgicalsecuritieslitigation.com.

---

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                Date:  July 11, 2017**
**Title:      Edward Todd -*v*- STAAR Surgical Co., et al.**

9.      Lead Plaintiff's Counsel is authorized to establish a Notice and Administration Escrow Account (as defined in the Stipulation) of $250,000 (Two Hundred Fifty Thousand Dollars) in accordance with the provisions of the Stipulation, to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses.  After the Effective Date, additional amounts may be transferred from the Gross Settlement Fund to the Notice and Administration Escrow Account.  All funds held in the Notice and Administration Escrow Account shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Stipulation and/or further order of the Court.

10.      Lead Plaintiff's Counsel is authorized to establish a Settlement Escrow Account (as defined in the Stipulation) of $6,750,000 (Six Million Seven Hundred Fifty Thousand Dollars) in accordance with the provisions of the Stipulation.  All funds held in the Settlement Escrow Account shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Stipulation and/or further order of the Court.

11.      The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting forms for, or in respect of, the Gross Settlement Fund, to pay from the Gross Settlement Fund any Taxes and Tax Expenses owed with respect to the Gross Settlement Fund, and otherwise to perform all obligations with respect to Taxes and Tax Expenses and any reporting or filings in respect thereof without further order of this Court in a manner consistent with the provisions of the Stipulation.

12.      Within three (3) business days of the entry of this Order, STAAR shall use reasonable efforts to provide or cause to be provided to the Claims Administrator in a usable electronic format (at no cost to the Gross Settlement Fund, Plaintiff's Counsel or the Claims Administrator) documentation or data in the possession of STAAR or its present or former stock transfer agents sufficient to identify to the extent available purchasers of STAAR common stock during the period

---

**CIVIL MINUTES—GENERAL                                16**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-05263 MWF (RZx)               Date:  July 11, 2017
Title:      Edward Todd -*v*- STAAR Surgical Co., et al.

from November 1, 2013 through June 30, 2014, inclusive, and their last known addresses or similar contact information.

13.     Lead Plaintiff's Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased STAAR Securities during the Class Period.  Such nominee purchasers are directed to forward copies of the Notice to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice promptly to such beneficial owners.  Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice to beneficial owners.  A nominee's failure to transmit the Notice and Proof of Claim to a beneficial owner shall not impact whether that beneficial owner is considered a Class Member.  Nothing in this Order creates any duties, liabilities, obligations, responsibilities, or rights as between any nominee and any beneficial owner that do not already otherwise exist in contract or by law.

14.     The Claims Administrator shall, at or before the Settlement Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing of the Notice, both to Class Members and to nominees.

15.     Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty-one (21) calendar days after the entry of this Order.  Lead Plaintiff's Counsel shall, at or before the Settlement Hearing, serve upon the Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

16.     The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of the United States Constitution (including the Due

CIVIL MINUTES—GENERAL                                    17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                Date:  July 11, 2017**
**Title:       Edward Todd -*v*- STAAR Surgical Co., et al.**

Process Clause), Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.  No Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

17.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

a.   A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ninety (90) calendar days from the date of this Order.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

b.   The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-05263 MWF (RZx)                    Date:  July 11, 2017
Title:      Edward Todd -*v*- STAAR Surgical Co., et al.

deemed adequate by the Claims Administrator or Lead Plaintiff's Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.   Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d.   For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

18.     All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

19.     Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the addresses listed in the Notice.  Such request for exclusion shall clearly indicate the name and address and phone

CIVIL MINUTES—GENERAL                                    19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                Date:  July 11, 2017**
Title:        Edward Todd -*v*- STAAR Surgical Co., et al.

number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person.  Such persons requesting exclusion are also required to specify all their purchases and sales of STAAR Securities during the Class Period, including the date, number of shares and price of the shares purchased or sold.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Lead Plaintiff's Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

20.    Any person or entity requesting exclusion from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments entered in this Action, and shall not receive any payment out of the Net Settlement Fund.

21.    Any Class Member that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or the application for Attorneys' Fees and Expenses and any Compensatory Award to Lead Plaintiff only if such comments or objections and any supporting papers are served to be received at least twenty (21) calendar days prior to the Settlement Hearing, upon each of the following:

*Lead Plaintiff's Counsel*

Michael J. Wernke, Esq.
Pomerantz LLP
600 Third Avenue
New York, NY 10016

*Defendants' Counsel*

Dan Marmalefsky, Esq.
Kai Bartolomeo, Esq.
Morrison & Foerster LLP
707 Wilshire Blvd., Suite 6000

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-05263 MWF (RZx)                   Date:  July 11, 2017
Title:       Edward Todd -*v*- STAAR Surgical Co., et al.

Los Angeles, CA 90017-3543

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Central District of California, 350 West First Street, Los Angeles, California 90012.  Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses or Compensatory Award to Lead Plaintiff are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

        22.     Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a Compensatory Award to Lead Plaintiff.

        23.     The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, to approve the Settlement without further notice to the Class, and to enter the Judgment or Alternative Judgment, regardless of whether it has approved the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and expenses.

        24.     All papers in support of the Settlement, the Plan of Allocation and any application for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 14-05263 MWF (RZx)**                     **Date:  July 11, 2017**
Title:        Edward Todd -*v*- STAAR Surgical Co., et al.

Attorneys' Fees or Expenses or a Compensatory Award to Lead Plaintiff shall be filed and served thirty-five (35) calendar days before the Settlement Hearing.

   25. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a Compensatory Award to Lead Plaintiff shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

   26. Until and unless otherwise ordered by the Court, all proceedings in the Action are hereby stayed, except for proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims against all Released Persons in this Court or any other court or forum.

     a. "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law or regulation, that arise out of or relate in any way to the purchase or sale of STAAR Securities during the Class Period and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Lead Plaintiff or any member of the Class in the Action or in any other action in any court or forum, except that the following are expressly excluded from the definition of Released Claims:  (i) all claims of any Person who submits a request for exclusion from the Settlement, to the extent that the Court

<u>CIVIL MINUTES—GENERAL</u>                                     **22**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                    Date:  July 11, 2017**
Title:       Edward Todd -*v*- STAAR Surgical Co., et al.

grants any such request; and (ii) all claims to enforce any of the terms of this Stipulation.

b. "Released Persons" means (i) Defendants; (ii) each of Defendants' present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents; and (iii) any of their advisors, insurers, counsel, underwriters, representatives (and the predecessors, successors, administrators and assigns of each of the foregoing) in their capacities as such.

27.     In the event the Settlement is not consummated pursuant to the terms of the Stipulation, then the Stipulation, except as otherwise provided in Section L.6 therein, including any amendment(s) thereto, and this Order, except for Paragraphs 26-28 and 31, shall be null and void, of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the Memorandum of Understanding between the Parties dated May 12, 2017 ("MOU"), and the Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

28.     In the event the Settlement is not consummated pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for Notice and Administration Expenses pursuant to the terms of the Stipulation, to the insurers that funded the settlement on behalf of STAAR, according to their respective contributions, within ten (10) business days thereafter.  At the request of any Defendants or Lead Plaintiff, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 14-05263 MWF (RZx)**                **Date: July 11, 2017**
Title:        Edward Todd -*v*- STAAR Surgical Co., et al.

incurred in connection with such application(s) for refund, to STAAR.

29.    Neither the MOU, the Stipulation (including the exhibits and Supplemental Agreement thereto), this Order, nor the fact of the Settlement, is an admission or concession by the Released Persons of any liability or wrongdoing whatsoever and shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by any of the Released Persons.  The MOU, the Stipulation, this Order, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against any party in any action or proceeding of any nature, or otherwise referred to or used in any manner in or before any court or other tribunal, except in such proceeding as may be necessary to enforce the Stipulation.

30.    Notwithstanding the foregoing Paragraph 28, the Parties and other Released Persons may file or refer to this Order, the Stipulation, Order and Final Judgment, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or the Order and Final Judgment.

31.    The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Class Member and any future requests by one or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05263 MWF (RZx)                    Date:  July 11, 2017**
Title:        Edward Todd -*v*- STAAR Surgical Co., et al.

more of the Parties that the Order and Final Judgment and/or the permanent injunction set forth in the Stipulation be enforced.

32.      All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement and be binding on the Parties, including but not limited to the Stipulated Protective Order on Confidentiality filed on or about June 10, 2016 (ECF No. 154, 154-1).

**IT IS SO ORDERED.**