# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TODD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STAAR SURGICAL COMPANY, BARRY G. CALDWELL, and JOHN SANTOS<br><br>Defendants. | Case No. CV 14-5263 MWF (GJS)<br><br>**AMENDED JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE** |

Plaintiff Edward Todd ("Lead Plaintiff"), on behalf of himself and the Class Members, Defendants STAAR Surgical Company, Barry G. Caldwell, and John Santos ("Defendants") (with Plaintiff and Defendants collectively referred to herein as the "Parties") have agreed to settle the above-captioned class action suit (the "Action") on the terms and conditions set forth in the Settlement Agreement and Stipulation (this settlement process hereinafter referred to as the "Settlement").

The Court has concurrently **GRANTED** the Motion for Final Approval of the Settlement and Plan of Allocation pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (the "Settlement Motion"); also pending is Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Fee Motion") and for the incentive award for the class representative.

In connection with the Settlement and the current Motions before the Court, the Court makes the following findings:

A. On January 5, 2017, the Court entered an Order Granting Motion for Class Certification under Rule 23(a) and Rule 23(b)(3) and appointing Class Counsel and the class representative.

B. On July 11, 2017, the Court entered an Order Approving Preliminarily the Settlement of a Class Action and Approving Notice of Proposed Settlement and Fairness Hearing (the "Preliminary Approval Order"), and directing that notice be given to the Class Members of the proposed Settlement and of a Fairness Hearing.

C. In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") directed to Members of the Class.

D. During the Notice period, July 11, 2017 through September 25, 2017, the Settlement Administrator caused the Short Form Notice to be mailed to all Members of the Class, made a Long Form Notice available, caused the Publication Notice to be transmitted over GlobeNewswire and published in the Investor's Business Daily on July 24, 2017, and created a Settlement Website and a toll-free number for Class Members. The Notices, Website, and toll-free number informed members of the Settlement Class of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval to the Settlement; (ii) whether the Court should enter final judgment dismissing the Action with prejudice; (iii) the amount of attorneys' fees, costs, and expenses, if any, to be awarded to Class Counsel; (iv) whether to approve the payment of the Incentive Amount to the class representative and the amount of the Incentive Amount; and (v) any objections by members of the Settlement Class to any of the above that were timely and properly served in accordance with the Preliminary Approval Order.

E. No Class Members chose to exclude themselves from the Settlement by submitting timely and valid Opt-Out Forms, no objections to the Settlement the amount of attorneys' fees were sent to Class Counsel or filed with the Court.

F.  On September 11, 2017, the Settlement Administrator filed with the Court a declaration attesting to the mailing of the Notice to all Class Members and the results of the Notice. On October 16, 2017 the Settlement Administrator filed with the Court an updated declaration attesting to the results of the Notice.

G.  In accordance with the Notice, a Fairness Hearing was held on October 23, 2017.

The Court having entered the Preliminary Approval Order, having heard argument in support of the Settlement and the Fee Motion and request for the Incentive Amount for the class representative, having reviewed all of the evidence and other submissions presented with respect to the Settlement and the record of all proceedings in this case, and having made the foregoing findings,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.  The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to the Action, including the Class Members.

2.  The forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

3.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.

4.  The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.

Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment.

5. The Settlement Amount is $7 million (Seven Million Dollars).

6. The Court finally approves the Settlement in all respects as fair, reasonable, adequate, and in the best interests of the Settlement Class pursuant to Rule 23(e). The Settlement was not a product of fraud or collusion, and the Court finds it satisfies Rule 23(e) after considering (i) the complexity, expense, and likely duration of the Action; (ii) the stage of the proceedings and amount of discovery completed; (iii) the factual and legal obstacles to prevailing on the merits; (iv) the possible range of recovery; (v) the respective opinions of the parties, including Lead Plaintiff, Class Counsel, Defendants, and Defendants' Counsel; and (vi) any objections submitted by Class Members.

7. Lead Plaintiff and Defendants are directed to carry out the Settlement in accordance with the terms and provision in the Stipulation.

8. All of the claims asserted in the Action by Lead Plaintiff and the other Class Members against Defendants are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. The Releases set forth in the Stipulation, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that: Lead Plaintiff and the Class Members hereby release and forever discharge the Released Persons from any and all Released Claims. Lead Plaintiff and the Class Members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Claims against the Released Persons, as set forth in the Stipulation. For purposes of this Order and Final Judgment:

    a. "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law or regulation, that arise out of or relate in

any way to the purchase or sale of STAAR Securities during the Class Period and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Lead Plaintiff or any member of the Class in the Action or in any other action in any court or forum, except that the following are expressly excluded from the definition of Released Claims: (i) all claims of any Person who submits a request for exclusion from the Settlement, to the extent that the Court grants any such request; and (ii) all claims to enforce any of the terms of this Stipulation.

    b. "Released Persons" means (i) Defendants; (ii) each of Defendants' present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents; and (iii) any of their advisors, insurers, counsel, underwriters, representatives (and the predecessors, successors, administrators and assigns of each of the foregoing) in their capacities as such.

10. Accordingly, to the full extent provided by Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), and other applicable law, the Court hereby bars all Released Claims against and by the Released Persons as provided herein and in the Stipulation.

11. The Court further orders that, as of the Effective Date, each of Defendants, including any and all of his/her/its successors in interest or assigns, hereby releases and forever discharges any and all Released Defendants' Claims, to the extent they relate to the subject matter of this Action or its prosecution thereof, against Lead Plaintiff, any of the Class Members, and any of their counsel, including Plaintiff's Counsel. For purposes of this Order and Final Judgment:

    c. "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that: (i) have been or could have been asserted in the Action by any of the Released Persons or the successors and assigns of any of them, against the

- 5 -
JUDGMENT

Lead Plaintiff or any of his attorneys; and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of this Action or the Released Claims, including but not limited to all claims for malicious prosecution or sanctions. "Released Defendants' Claims" does not include claims to enforce any of the terms of this Stipulation or any claims by the Released Persons against any Person listed on Exhibit A hereto.

12. Plaintiff's Counsel are awarded attorneys' fees in the amount of $1,750,000 and expenses, including experts' fees and expenses, in the amount of $216,239.71, such amounts to be paid from out of the Gross Settlement Fund no later than five (5) business days following the entry of this Order. Lead Plaintiff's Counsel shall thereafter be solely responsible for allocating the Attorneys' Fees and Expenses among Plaintiff's Counsel in a manner in which Lead Plaintiff's Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the foregoing Attorneys' Fees and Expense award is overturned or lowered, or if the Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become Final and binding upon the Class, then, within thirty (30) calendar days after receiving notice from Settling Defendants' Counsel of such an order from a court of appropriate jurisdiction, each Plaintiff's Counsel law firm shall refund to the Gross Settlement Fund such fees and expenses previously paid to them from the Gross Settlement Fund plus interest thereon at the same rate as earned on the Gross Settlement Fund in an amount consistent with such reversal or modification. Each Plaintiff's Counsel law firm receiving attorneys' fees and litigation costs and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, (including the law firm and its partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing this Stipulation, and each shall be liable for repayment of the attorneys' fees and litigation costs and expenses allocated to it, including all amounts paid as referral fees to other law firms, as well as accrued interest thereon. Upon application of STAAR or Defendants' Counsel,

the Court may summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against any of Plaintiff's Counsel law firm or any of its partners and/or shareholders should such Plaintiff's Counsel law firm fail timely to repay fees and expenses pursuant to this Paragraph 8.

13. Lead Plaintiff is awarded the sum of $10,000, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from out of the Gross Settlement Fund no later than five (5) business days following the entry of this Order.

14. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members.

15. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16. Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits and Supplemental Agreement thereto), the Memorandum of Understanding, nor any of the negotiations, documents or proceedings connected with them shall be:

    a. referred to or used against the Released Persons or against Lead Plaintiff or the Class as evidence of wrongdoing by anyone;

    b. construed against the Released Persons or against Lead Plaintiff or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    c. construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or

    d. used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Persons in any proceeding other than

such proceedings as may be necessary to consummate or enforce the Stipulation.

17. Notwithstanding the foregoing Paragraph 16, the Settling Parties and other Released Persons may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

18. Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulations, Settlement, Preliminary Approval Order, and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

20. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21. The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeals concerning the Attorneys' Fees and Expenses awarded herein, the Compensatory Award to Lead Plaintiff, or the Plan of Allocation.

22. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in Section L.6 therein, including any amendment(s) thereto, the Preliminary Approval Order, except for Paragraphs 26-

28 and 31 thereof, and this Order and Final Judgment, except for Paragraphs 8, 12, and 18-20 shall be rendered null and void of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the Memorandum of Understanding between the Parties dated May 12, 2017 (the "MOU"), and the Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

23. In the event the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for Notice and Administration Expenses pursuant to the terms of the Stipulation, to STAAR's Insurance Carriers within ten (10) business days thereafter. At the request of any Defendants or Lead Plaintiff, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to STAAR.

24. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement and be binding on the Parties, including but not limited to the Stipulated Protective Order on Confidentiality filed on or about June 10, 2016 (ECF No. 154, 154-1)..

DATED: October 23, 2017

MICHAEL W. FITZGERALD
United Stated District Judge